# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JEFFREY D. BEAVER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA; and THE MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Respondents. | **CV-17-36-GF-BMM-JTJ**<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Petitioner Jeffrey Beaver filed a Petition for Writ of Habeas Corpus *pro se* alleging violations of his Fourth Amendment rights against unfair searches and seizures. (Doc. 2.) Beaver argues that the Montana Supreme Court incorrectly applied a legal standard when it denied his Fourth Amendment claim. *Id.* at 3–4. United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 25, 2017. (Doc. 6.) Neither party filed objections.

1

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston recommends that the Court deny habeas relief. (Doc. 6 at 9.) Judge Johnston notes that the United States Supreme Court in *Stone v. Powell*, 428 U.S. 465, 494, determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." Judge Johnston reasons that this doctrine bars habeas relief in this instance in light of the extensive litigation of Beaver's Fourth Amendment claim in various Montana courts. (Doc. 6 at 8.)

Judge Johnston cites the *Stone* doctrine for the proposition that the Court must decline to weigh in on whether state courts correctly decided Beaver's Fourth Amendment claim. *Id.* The Court can decide only whether the state court proceedings afforded Beaver an adequate opportunity for full and litigation of his claim. *Id.* Judge Johnston determined that Beaver has had three separate opportunities to litigate his Fourth Amendment claim in front of three separate

Montana courts. *Id.* at 7–8. Beaver argues the substance of the three state court denials of his claim, but he does not dispute the comprehensiveness of his proceedings in state courts. *Id.* at 8. Judge Johnston thus concludes that the Court cannot grant habeas relief to Beaver under the *Stone* doctrine.

Judge Johnston further acknowledges that the Court should issue a certificate of appealability when a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.*, citing 28 U.S.C. § 2253(c)(2). Judge Johnston clarifies that a petitioner makes a substantial showing when "jurists of reason could disagree with the district court's resolution of [the] constitutional claims." Doc. 6 at 8–9, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Judge Johnston concludes that the Court should deny a certificate of appealability on the basis that no doubt exists "that Beaver had a full and fair opportunity to litigate his Fourth Amendment claim." Doc. 6 at 9.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 6), is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3

**IT IS ALSO ORDERED** that a certificate of appealability is DENIED.

DATED this 11th day of May, 2017.

/s/ Brian Morris

Brian Morris
United States District Court Judge